IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:19-cr-8 |
| | ) |
| SANDRA WILSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Ms. Wilson files a motion for early termination of her term of supervised release. ECF 3787. The Court denies the motion—but because the Court has received several similar requests recently, it writes to explain the circumstances under which early termination might be appropriate.

In considering a request for early termination and after considering the relevant factors under 18 U.S.C. § 3583(e) and the defendant's conduct, the Court must then find that early termination is in "the interest of justice." 18 U.S.C. § 3582(e). In assessing the "interest of justice," the Court finds the following three considerations to be generally controlling.

First, whether the initial term of supervised release was subject to a mandatory minimum period. Supervised release is an aspect of the original sentence. It would undermine the purposes of sentencing and the legislative prerogative of Congress to allow a defendant to avoid the supervision imposed by the original judgment, particularly where the supervisory period was mandated by statute.

Second, the amount of time served on supervised release and history of compliance (both during supervised release and other supervision periods). The longer the amount of supervised release that a defendant has served without incident, the more likely that person is a good candidate for early termination. And, similarly,

- 1 -

the defendant's track record on supervision more generally is critical because it can be predictive of whether that person is likely to recidivate.

Third, unforeseen or new circumstances. There should generally be a good reason—beyond simple compliance—to terminate supervised release early. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) ("We think that generally, early termination of supervised release…will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." (cleaned up)). For example, this Court has terminated a defendant's probation early where the probationary term prevented him from obtaining a new job opportunity. *See United States v. Fryson*, No. 21-352, at ECF 8 (W.D. Pa. Feb. 24, 2023).

Here, Ms. Wilson meets none of the three factors above. She was sentenced to a statutory mandatory minimum supervised release term of three years. She has served less than half of that. While the Court commends Ms. Wilson for her compliance while on supervised release, that standing alone is not enough. *See United States v. Welling*, No. 20-cr-167, 2021 WL 409834, at *1 (W.D. Pa. Feb. 5, 2021) (Conti, J.) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release." (emphasis in original)). Plus, Ms. Wilson had a spotty history of compliance when on pre-trial supervision. And she has provided no new or good reason to terminate her supervised release early. Early termination is not in "the interest of justice." So the motion is **DENIED**.

Date: April 14, 2023                                    BY THE COURT:

                                                        /s/ J. Nicholas Ranjan
                                                        United States District Judge